IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES ALLEN, )
REGINALD ALLEN, )
JOHN MOORE, )
SHERRIE JOHNSON, )
TERRI PRUITTE, )
KAREN CROMWELL, )
CITY NIGHTS, INC., )
and MISS KITTY's II, )
 )
              Plaintiffs, )
 )
vs. ) Case No. 07-cv-0259-MJR
 )
THE CITY OF EAST ST. LOUIS, ILLINOIS, )
MAYOR CARL OFFICER, )
CAPTAIN MATTHEWS, )
and CAPTAIN MISTER, )
 )
              Defendants. )

## MEMORANDUM and ORDER

REAGAN, District Judge:

Six individuals and two corporations brought suit in this United States District Court alleging infringement of federally-secured civil rights and naming as Defendants the then-Mayor of East St. Louis, Illinois (Carl Officer) and two East St. Louis police officers (Captains Matthews and Mister). The April 10, 2007 complaint was stricken, because it lacked counsel's signature, lacked the case number, and was not accompanied by a civil cover sheet. Plaintiff's counsel re-filed the complaint, but the Clerk's Office issued a Notice of Errors pointing out a problem with the attorney's

-1-

signature and explaining how to properly sign a pleading in accord with the filing rules of this District. Four months passed without activity in the case.

On September 5, 2007, the Clerk of Court issued a Notice of Impending Dismissal, admonishing that the case would be dismissed for want of prosecution unless Plaintiffs – by September 25, 2007 – either served Defendants or sought an entry of default under Federal Rule of Civil Procedure 55(a).

Two days *after* that deadline elapsed, Plaintiffs' counsel moved for leave to file an amended complaint to add the City of East St. Louis as a Defendant and replace Defendant Officer with the newly-elected Mayor of East St. Louis (Alvin Parks). Plaintiffs' September 27th motion was stricken for noncompliance with electronic filing requirements, and counsel moved afresh to amend the complaint (*see* Docs. 8, 9).

The October 2, 2007 motion to amend lacked a proper signature and resulted in issuance of a notice of errors from the Clerk's Office. In the meantime, the Honorable Clifford J. Proud, United States Magistrate Judge, denied the motion to amend, pointing out that leave of Court was not actually required, since no responsive pleading had been filed at that point. The undersigned District Judge then issued an Order directing Plaintiffs' counsel to file a properly signed "First Amended Complaint" (in compliance with the electronic filing rules of this District) by October 17, 2007.

Plaintiff's counsel timely filed the amended complaint (although curiously leaving Officer named as Mayor, after having sought leave to substitute current Mayor, Alvin Parks, as the named Defendant). In the first amended complaint, the same six

individuals and two corporations sue the former Mayor (Officer), the two police captains (Matthews and Mister), plus the City of East St. Louis (collectively, "Defendants").

Now before the Court is Defendants' December 13, 2007 motion to dismiss the first amended complaint, filed with supporting memorandum (Docs. 15, 16). Plaintiffs' response deadline was January 18th (*see* Doc. 17).

On January 18th, Plaintiffs filed a brief opposing the dismissal motion, but the Clerk's Office struck that brief several days later, based on several violations of e-filing rules, including the fact the pleading lacked a certificate of service. Additionally, the brief was docketed as a "Pretrial Memorandum" (rather than a brief or memo opposing dismissal). Moreover, the memo was filed in duplicate, each copy of which consisted of four pages of argument and analysis followed by three pages of random legal snippets and notes such as "Look at other cases – better language" (Doc. 23, p. 5). Worse yet, the pleading contained no signature at all – just a blank line after the "s/." The Clerk's Office telephoned the office of Plaintiffs' counsel and alerted staff there of the reasons the responsive memo was being stricken.

Two weeks passed. Plaintiffs' counsel has neither attempted to re-file the brief opposing Defendants' dismissal motion nor moved for more time in which to do so. Local Rule 7.1(c) of this District provides that failure to timely file a memorandum opposing a dismissal motion "may, in the court's discretion, be considered an admission of the merits of the motion." Although vested with that discretion, the undersigned District Judge prefers to resolve cases on the merits rather than dismiss them via this

provision.

With that in mind, the Court turns to the pending motion and will consider the pleadings which are properly before the Court, including Plaintiffs' amended complaint, Defendants' dismissal motion and Defendants' supporting briefs. Analysis begins with overview of Plaintiffs' allegations, summary of Defendants' arguments for dismissal, and reference to the applicable standard of review.

The three-count amended complaint – which seeks money damages, injunctive relief and attorneys' fees/costs – alleges as follows. City Nights, Inc. (operating as "Miss Kitty's II") sought approval of the City of East St. Louis to operate a sexually-oriented adult entertainment facility. The City – which already had issued business and liquor licenses to City Nights – failed to deny or otherwise rule on the request to operate the sexually-oriented business. Despite the fact that the City's Code allows an applicant awaiting a ruling to "work or perform services without a permit until such time as the permit is granted" or the denial of the permit "becomes final," Defendants used criminal process to intimidate Plaintiffs and dissuade them from operating their nightclub in the City. Ultimately, the business was raided by un-named East St. Louis police officers. Dancers (Plaintiffs Cromwell, Johnson and Pruitte) were arrested, and the arresting officers seized vehicles and other personal property belonging to the dancer-Plaintiffs.

Invoking subject matter jurisdiction under 28 U.S.C. § 1331, the amended complaint alleges false arrest, malicious abuse of process, false imprisonment, illegal

seizure of personal property, and interference with the operation of a legal business, all in violation of rights guaranteed to Plaintiffs by the United States Constitution.

Defendants maintain that Plaintiffs' allegations are vague, confusing and conclusory (meriting dismissal of the entire amended complaint) and that Plaintiffs allege no participation in or approval of the alleged violations by Captains Matthews and Mister (supporting dismissal of all claims against those two Defendants).

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) govern motions to dismiss for failure to state a claim. To satisfy the notice pleading requirements of Rule 8(a)(2), a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief. In other words, a plaintiff must provide the grounds of his entitlement to relief by saying enough "to raise a right to relief above the speculative level." ***Bell Atlantic Corp. v. Twombly,* – U.S. -, 127 S. Ct, 1955, 1965-66 (2007).**

In ***Bell Atlantic v. Twombly,*** the United States Supreme Court "retooled federal pleading standards," and retired the oft-incanted standard from ***Conley v. Gibson,* 355 U.S. 41, 47 (1957)**, that a complaint should not be dismissed for failure to state a claim unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts in support of his claim" which would entitle him to relief. ***Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007).***

In assessing whether a complaint states a claim upon which relief can be granted (thereby escaping Rule 12(b)(6) dismissal), the district court accepts all well-

pleaded allegations as true and draws all favorable inferences in plaintiff's favor. *Id*. *See also Erickson v. Pardus,* – U.S. –, 127 S.Ct. 2197, 2200 (2007).

*Bell Atlantic* called into question dicta contained in (and abrogated the holdings of) cases such as *Kolupa v. Roselle Park District,* 438 F.3d 713, 715 (7th Cir. 2006), which had declared Rule 12(b)(6) dismissal proper only "when it would be necessary to contradict the complaint in order to prevail on the merits."[1] No longer does it suffice for a complaint to avoid foreclosing possible bases for relief; the complaint must indicate that the plaintiff *has* a right to relief. *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 777 (7th Cir. 2007).

Specific facts are not necessary for a complaint to survive a motion to dismiss for failure to state a claim. *Jervis v. Mitcheff,* – F.3d –, 2007 WL 4355433 (Dec. 13, 2007). But labels and conclusions alone will not suffice. Rather, the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which plaintiff's claim rests. *Killingsworth,* 507 F.3d at 618.

Applying these principles, this Court rejects the argument that the entire complaint should be dismissed *with prejudice*, on the basis that the allegations are vague

---

[1] In *Kolupa,* 438 F.3d at 714, the Seventh Circuit reversed a Rule 12(b)(6) dismissal, stating: "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary.... Details come later, usually after discovery...."

and conclusory.  The amended complaint is not utterly devoid of factual detail or "so sketchy that ... [it] does not provide the type of notice ... to which the defendant is entitled under Rule 8."  *Id.* **at 619,** *citing Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,* **499 F.3d 663, 667 (7th Cir. 2007).**

Accepting as true the factual allegations contained in the amended complaint, Plaintiffs have <u>not</u> stated a claim against Defendants upon which relief can be granted.  For instance, to state a claim under 42 U.S.C. § 1983, Plaintiffs must allege that government officials, acting under the color of state law, deprived them of rights secured by the federal constitution or laws.  But to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom caused the constitutional violation and, indeed, was "the moving force" behind the violation. *Estate of Sims v. County of Bureau,* **506 F.3d 509, 514 (7th Cir. 2007).** *See also Johnson v. City of Kankakee,* **– F.3d –, 2008 WL 186939, \*3 (7th Cir. Jan. 22, 2008),** *citing Monell v. Department of Social Services of New York,* **436 U.S. 658, 691 (1978).**

So, unless there is an unconstitutional policy, there cannot be official capacity liability against a city.  Stated another way, municipal liability is limited to action for which the municipality is actually responsible. *Sims,* **506 F.3d at 515,** *citing Pembaur v. City of Cincinnati,* **475 U.S. 469, 479 (1986).**  "Misbehaving employees are responsible for their own conduct," and units of local government are responsible only for their own policies, not for misconduct by their workers." *Id., citing Lewis v. City*

*of Chicago*, **496 F.3d 645, 656 (7th Cir. 2007)**.  There is no respondeat superior liability for municipalities under § 1983.  *Belcher v. Norton*, **497 F.3d 742, 754 (7th Cir. 2007)**.

In the instant case, the amended complaint pleads no official policy or custom.  Much less does it allege a direct causal link between any such custom or policy and the alleged constitutional violations.  So the complaint states no claim upon which relief can be granted against the City.

As to the three individual Defendants (the Mayor and the two Police Chiefs/Captains), the amended complaint alleges no personal participation by them in the constitutional violations.  Section 1983 liability cannot attach against an individual defendant *unless* the individual defendant "caused or participated in a constitutional deprivation."  *Levy v. Pappas*, **510 F.3d 755, 763 (7th Cir. 2007)**.  *Accord Johnson v. Snyder*, **444 F.3d 579, 583 (7th Cir. 2006)("… to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.")**.  To be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. *Johnson*, **444 F.3d at 583**, *citing Gentry v. Duckworth*, **65 F.3d 555, 561 (7th Cir. 1995)**.  Plaintiffs allege no such personal involvement or knowledge by Defendants.

For all the above-stated reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' December 13, 2007 dismissal motion (Doc. 16).

The motion is <u>granted</u> in that the Court **DISMISSES** Plaintiffs' first amended complaint (Doc. 13) in its entirety.  The motion is <u>denied</u> in that dismissal will be *without*

*prejudice*, and the Court hereby **GRANTS** Plaintiffs leave to file a "Second Amended Complaint" which states a claim upon which relief can be granted.

The Court **EMPHASIZES** the following. The second amended complaint must be properly e-filed (compliant with the Local Rules and Electronic Filing Rules of this District) no later than February 25, 2008. No extensions of the February 25th deadline will be allowed. Plaintiffs' counsel must take care to file the complaint sufficiently in advance of the February 25th deadline so that there is time to correct any deficiency which might result in the Clerk's Office of this Court striking the pleading. Defendants shall answer or otherwise respond to the complaint in the time permitted under Federal Rule of Civil Procedure 15.

IT IS SO ORDERED.

DATED this 11th day of February 2008.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge